UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIDDLESEX HOSPITAL,
    Plaintiff,

v.

GARY HINDS,
    Defendant.

No. 3:16-cv-2068 (VAB)

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Middlesex Hospital ("Plaintiff"), a hospital in Middletown, Connecticut, filed a lawsuit seeking indemnification in Connecticut Superior Court against Gary Hinds ("Defendant"), a registered nurse who worked at Middlesex Hospital through a contract with On Assignment, Inc. ("On Assignment"). Mr. Hinds removed the case to this Court on diversity grounds. Mr. Hinds now moves to dismiss, claiming that the Court lacks personal jurisdiction because Middlesex Hospital did not include a proper "similar health care provider" letter as required under Connecticut General Statutes Section 52-190a when it filed the Complaint.

For the reasons that follow, the motion to dismiss is **DENIED**.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

    A.    **Factual Allegations**

Mr. Hinds, a nurse licensed to practice in Connecticut, now lives in Jonesboro, Arkansas. Am. Compl. ¶¶ 1, 5. Middlesex Hospital, located in Middletown, Connecticut, is licensed by the Connecticut Department of Public Health. *Id.* ¶ 1.

1

Mr. Hinds worked for On Assignment Services, Inc. ("On Assignment"), a corporation that "provided personnel staffing services," including temporary personnel, to Middlesex Hospital. *Id.* Middlesex Hospital had a contract with On Assignment to provide the hospital with staff. *Id.* On August 8, 2011, On Assignment placed Mr. Hinds at Middlesex Hospital. *Id.* ¶ 6.

On October 11, 2011, Mr. Hinds worked in the Emergency Department as the primary nurse for Gloria Hall, a Middlesex Hospital patient. *Id.* ¶ 8. Mr. Hinds allegedly had "to monitor and observe" Ms. Hall, "and to provide her with appropriate nursing care and treatment in accordance with the applicable standard of care." *Id.* During his shift, Mr. Hinds found Ms. Hall unresponsive as a result of death by suicide. *Id.* ¶ 9.

On September 17, 2013, Patricia Hall-Jemison, the Administratrix of Ms. Hall's estate, filed a civil action for monetary damages against Middlesex Hospital and On Assignment, alleging that negligence by On Assignment, Middlesex Hospital, and their agents or employees, including Mr. Hinds, caused Ms. Hall's suicide. *Id.* ¶ 10. Ms. Hall allegedly had been admitted to the hospital after "exhibiting unusual behavior and/or having been found to be in an intoxicated state," and continued to exhibit unusual behavior while at the hospital, behavior noted by Mr. Hinds. *Id.* ¶ 11–13. Mr. Hinds allegedly discovered that Ms. Hall had hanged herself with a bed sheet at approximately 1:29 a.m. on October 12, 2011. *Id.* ¶ 14. Mr. Hinds's negligence allegedly caused Ms. Hall's death and damages. *Id.* ¶ 15.

On November 25, 2013, Middlesex Hospital and Ms. Hall's estate settled that lawsuit; Middlesex Hospital agreed to pay the estate $500,000 for release of liability and withdrawal of the case. *Id.* ¶ 16. On December 6, 2013, Middlesex Hospital paid the estate. *Id.* ¶ 17.

### B. Procedural History

On November 21, 2016, Middlesex Hospital filed a complaint in the Superior Court for the Judicial District of Middletown, seeking indemnification from Mr. Hinds for the costs of the settlement. Not. of Removal ¶ 1, ECF No. 1. Middlesex Hospital attached an opinion letter to the complaint, allegedly written by a registered nurse and certified emergency nurse who had reviewed the circumstances of Ms. Hall's death and concluded that "there is evidence of negligence by the Middlesex Hospital nursing staff." Not. of Removal at 16–17 (omitting signature).

On December 15, 2016, Mr. Hinds removed the case to this Court, claiming diversity jurisdiction under 28 U.S.C. § 1332. *Id.* ¶¶ 5–7. Mr. Hinds also filed an Answer, which asserted that because "Plaintiff [failed] to attach an expert opinion letter authorized by a similar healthcare provider pursuant to Sections 52-190a and 52-184c of the Connecticut General Statutes," the Court lacked personal jurisdiction over Mr. Hinds. Answer at 4, ECF No. 16.

On March 15, 2017, Mr. Hinds moved to dismiss, arguing that the expert opinion letter failed to "provide the requisite information to determine whether the author is a 'similar healthcare provider,'" and that the letter failed to identify "any negligence by Gary Hinds and thus does not meet the detailed basis requirement" of Section 52-190a. First Mot. Dismiss at 4.

On May 12, 2017, Middlesex Hospital filed a motion to amend, which the Court granted on October 5, 2017. ECF Nos. 27, 36. The Amended Complaint claimed that Ms. Hall's "death was caused by the failure of Defendant Hinds to exercise that degree of care and skill ordinarily and customarily used by registered nurses working in the emergency department under all the facts and circumstances then and there existing." Am. Compl. ¶ 19. Specifically, Mr. Hinds allegedly failed to "properly monitor, observe, and care for Gloria Hall in light of her behavior

while a patient in the emergency department," perform necessary and timely safety checks, regularly and properly observe Ms. Hall, provide "proper and accurate documentation regarding his observation and care of the patient," and "take proper action, in accordance with the applicable standard of care, so as to prevent Gloria Hall from committing suicide while a patient under his observation and care in the emergency department." *Id.* Middlesex Hospital alleged that Mr. Hinds was "in exclusive control" of monitoring Ms. Hinds, that Middlesex Hospital "had no reason to anticipate such negligence," and that it "is entitled to indemnification from Defendant Hinds for all costs of defense in the Hall Litigation and the amounts it was caused to pay in settlement of the Hall Litigation." *Id.* ¶¶ 20–22.

The Amended Complaint also included a revised version of the opinion letter attached to the original Complaint. Mot. Dismiss at 11–12. The amended letter included the author's name, Joyce Foresman-Capuzzi, and more details about her experience with nursing in the Emergency Department. *Id.* The Court declared moot the first motion to dismiss, in light of the Amended Complaint. Order, ECF No. 36.

On October 27, 2017, Mr. Hinds filed a motion to dismiss. Mot. Dismiss, ECF No. 38. Mr. Hinds argued that "Plaintiff's filing of an Amended Complaint with a revised expert opinion letter subsequent to the expiration of the statute of limitations does not establish jurisdiction under Connecticut law." *Id.* at 4. Middlesex Hospital filed an objection to the motion to dismiss, ECF No. 43, and Mr. Hinds filed a reply. ECF No. 44.

## II. STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). The plaintiff therefore must make a *prima facie* showing that jurisdiction exists. *Licci ex rel. Licci v.*

4

*Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012). "The prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Id.*; *see also Glenwood Sys., LLC v. Med-Pro Ideal Sols., Inc.*, No. 3:09-cv-956 (WWE), 2010 WL 11527383, at *2 (D. Conn. May 4, 2010) ("At this stage of the proceedings, if the court relies upon pleadings and affidavits, the plaintiff must make out only a prima facie showing of personal jurisdiction, and the affidavits and pleadings should be construed most favorably to the plaintiff."), *aff'd*, 438 Fed. App'x 27 (2d Cir. 2011), *as amended* (Sept. 23, 2011) (citing *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)). The court considers the facts as they existed when the plaintiff filed the complaint. *See id.* (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991)).

## III.  DISCUSSION

Mr. Hinds argues that Middlesex Hospital's original expert opinion letter is deficient, and the Court lacks personal jurisdiction over Mr. Hinds, because the letter does not satisfy the similar healthcare provider requirement or the detailed basis requirement of Section 52-190a. First Mot. Dismiss at 4. Mr. Hinds does not argue that the second expert opinion letter is deficient, but instead argues that the second letter was filed after the statute of limitations expired and therefore cannot establish personal jurisdiction. *See generally* Second Mot. Dismiss.

Middlesex Hospital responds that (1) Section 52-190a does not apply to its Complaint because this is an indemnification suit, not a medical malpractice suit; (2) Mr. Hinds waived any personal jurisdiction defense by filing an Answer before a motion to dismiss; and (3) if the Court finds that Section 52-190a applies to this case, the amended opinion letter, as well as the original opinion letter, satisfy the requirements of that statute. Second Obj. to Mot. Dismiss at 1.

### A. The Application of Section 52-190a

First, Middlesex Hospital argues that, because this lawsuit is for indemnification and not medical malpractice, it is not subject to the requirements of Section 52-190a(a). First. Obj. to Mot. Dismiss at 12. Middlesex argues that Section 52-190a applies only to medical malpractice actions, and therefore only cases where the claimant is a patient. *Id.* (citing *Jarme v. Troncale*, 306 Conn. 578, 588–89 (2012) (finding that claim was not medical malpractice where Complaint contained "no allegations that the plaintiff and Troncale had a physician-patient relationship as required under Connecticut's malpractice law"). Mr. Hinds responds that, because a common law indemnification action requires proof of the underlying negligence action, and the underlying negligence action here is a medical malpractice action, an expert opinion letter must be attached to the Complaint. Reply to Opp. to First Mot. Dismiss at 4, ECF No. 32.

This case differs from *Troncale*, 306 Conn. 578, a case that Middlesex Hospital cites to support its argument that Section 52-190a applies only to medical malpractice cases where the claimant is a patient. *See* First Obj. to Mot. Dismiss at 12. There, the defendant, a doctor, failed to warn his patient of "the latent driving impairment" associated with a condition that the patient had. *Id.* at 580. Then, while driving, the patient blacked out and struck the plaintiff. *Id.* The plaintiff sued the doctor for professional negligence, and the trial court found that the doctor owed no duty to the plaintiff. *Id.* The Connecticut Supreme Court affirmed the trial court's decision that the case did not involve a medical malpractice claim because the plaintiff, a third party harmed by a patient's medical condition, had no patient-physician relationship with the defendant. *Troncale*, 306 Conn. at 589 (finding complaint "legally insufficient because it contains no allegations that the plaintiff and Troncale had a physician-patient relationship as required under Connecticut's medical malpractice law").

6

Here, in contrast, the original claimant in the case was the estate of the patient. Am. Compl. ¶ 10 (alleging that on September 17, 2013, Ms. Hall's estate filed a civil action for monetary damages against Middlesex Hospital, On Assignment, and its agents or employees, including Mr. Hinds). In other words, this case, unlike *Troncale*, did not involve a third-party who was not a member of the medical treating relationship; instead, the negligence of both Mr. Hinds and Middlesex Hospital was alleged to have caused Ms. Hall's death. *Id.* ¶¶ 10–15. The posture of this case is different from *Troncale* because Middlesex Hospital settled with Ms. Hall's estate and now seeks indemnification; there is arguably an underlying medical malpractice action that Ms. Hall's estate (i.e., the patient's estate) brought against the hospital and its agents, including Mr. Hinds. *See Votre v. Cty. Obstetrics and Gynecology Grp., P.C.*, 113 Conn. App. 569, 577 (2009) (finding the complaint to bring a medical malpractice claim in part because the "claim certainly arises out of the professional-patient relationship between the defendants and the plaintiff, as the facts underlying the claim occurred solely in the context of the defendants' ongoing medical treatment of the plaintiff").

The Court need not decide, however, whether there is a medical malpractice claim underlying the indemnification claim that triggers an obligation to attach an opinion letter because, as discussed in the following sections, Middlesex Hospital has attached a sufficient opinion letter. Even if the Court construes Middlesex Hospital's claim as a medical malpractice claim, Middlesex Hospital therefore has satisfied the requirement to establish personal jurisdiction over Mr. Hinds.

### B. Mr. Hinds and Personal Jurisdiction

Middlesex Hospital also argues that, in a medical malpractice case, the plaintiff's failure to file an expert opinion letter under Section 52-190a deprives the Court of personal jurisdiction

7

over the defendant. *See Cole v. Green*, 3:11-cv-543 (SRU), 2013 WL 1759571, at *1 (D. Conn. 2013) (explaining that the "Connecticut Supreme Court has held that the 'failure to provide a written opinion letter, or the attachment of a written opinion letter that does not comply with § 52-190a, constitutes *insufficient process* and, thus, service of that insufficient process does not subject the defendant to the jurisdiction of the court . . . . The jurisdiction that is found lacking, however, is jurisdiction over the *person*, not the subject matter.'") (quoting *Morgan v. Hartford Hosp.*, 301 Conn. 388, 401–02 (2011)); *see also Bennett v. New Milford Hospital, Inc.*, 300 Conn. 1, 28 (2011) ("[D]ismissal is the mandatory remedy when a plaintiff fails to file an opinion letter that complies with § 52-190a(a).").

Personal jurisdiction under § 52-190a may be waived. *Cole*, 2013 WL 1759571, at *2 (citing *Moss v. Wyeth, Inc.*, 872 F. Supp. 2d 154, 160 (D. Conn. 2012)). The Court does not agree with Middlesex Hospital, however, that Mr. Hinds has waived personal jurisdiction in this case. *See* First Obj. to Mot. Dismiss at 8 (arguing that Mr. Hinds has "waived his right to contest the Court's exercise of personal jurisdiction over him in this matter, because he . . . filed an Answer to the operative Complaint, thereby filing the instant Motion 'out of order' and consequently waiving an assertion of lack of personal jurisdiction and/or insufficient process.") (citing *Morgan*, 301 Conn. at 404; *Pitchell v. Hartford*, 247 Conn. 422, 432–33 (1999)); *see also* Obj. to Second Mot. Dismiss at 6, ECF No. 43 (incorporating arguments from First Objection).

The Answer raised the following defenses:[1]

---

[1] Mr. Hinds arguably filed his Answer, which raised an objection to this Court's personal jurisdiction over him, a day late. The Notice of Removal in this case was filed on December 15, 2016. ECF No. 1. Mr. Hinds moved for an extension of time until January 21, 2017, to answer or otherwise respond to the Complaint. ECF No. 11. The Court granted the motion and updated Mr. Hinds's deadline to January 23, 2017. ECF No. 12 (Order granting motion for extension of time; the following line updates the deadline to be 1/23/2017). Mr. Hinds filed his Answer on January 24, 2017. ECF No. 16. The Court may grant a motion for an extension of time for good cause before a filing deadline or "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). Here, Mr. Hinds has not provided a reason for his excusable neglect. *See* Answer. He therefore has arguably waived

### FIRST DEFENSE

> Personal jurisdiction does not exist over Defendant, Gary Hinds, for Plaintiff's failure to attach an expert opinion letter authored by a similar healthcare provider pursuant to Sections 52-190a and 52-184c of the Connecticut General Statutes. Specifically, the author of the expert opinion letter fails to state whether they were actively involved in the practice or teaching of nursing within the five years preceding the date of the alleged negligence.

### SECOND DEFENSE

> Defendant, Gary Hinds, was served with insufficient process for Plaintiff's failure to attach an expert opinion letter authored by a similar healthcare provider pursuant to Sections 52-190a and 52-184c of the Connecticut General Statutes. Specifically, the author of the expert opinion letter fails to state whether they were actively involved in the practice or teaching of nursing within the five years preceding the date of the alleged negligence.

Answer at 4–5.

Under the Federal Rules, the defendant may raise the defense of personal jurisdiction either in a motion to dismiss or in its first responsive pleading. *See* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . (B) failing to . . . (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."); *Cole*, 2013 WL 1759571, at *2 (applying Federal Rule 12(h)(1)); *see also* 5C Wright and Miller,

---

his personal jurisdiction argument. *See* Fed. R. Civ. P. 12(h)(1) (stating that a party waives its defense under Rule 12(b)(2) by failing to raise it in a responsive pleading).

Nevertheless, the Court will not find the defense waived merely because Mr. Hinds filed his Answer one day late. *See Torres v. Torres*, 603 F. Supp. 440, 442 (E.D.N.Y. 1985) ("Where, as here, a defendant asserts the defense of lack of personal jurisdiction in his first responsive pleading, the federal courts have been reluctant to deem the defense waived merely because the pleading was served a few days late."); 5B Wright and Miller, Federal Practice and Procedure § 1346 n.9 (3d ed.) ("Extensions under Rule 6(b)(1)(B) may be granted after the time for an action has passed if the defendant was negligent, as long as the district court determines that the oversight was excusable."). Furthermore, based on counsel's representations at oral argument, that counsel believed the Answer was filed in time, the Court finds that the late filing was inadvertent. *Raymond v. Int'l Bus. Machines Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) ("[M]ere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)."); *Mesteck v. New York City Dep't of Educ.*, No. 13-cv-4302 (CBA VMS), 2017 WL 6371579, at *2 (E.D.N.Y. Oct. 20, 2017), *report and recommendation adopted*, No. 13-cv-4302 (CVA VMS), 2017 WL 6375638 (E.D.N.Y. Dec. 12, 2017) (applying *Raymond* and permitting the defendants to file an untimely answer).

Federal Practice and Procedure § 1391 Waiver of Certain Defenses—Rule 12(h)(1) (3d ed.) (rejecting argument that Federal Rule of Civil Procedure 12(a) imposes twenty-one day time limit on filing 12(b)(2)–(5) defense and noting instead that "a motion under [Rule 12(b)(2)–(5)] is timely as long as it is made before the filing of a responsive pleading").

The Court therefore finds that Mr. Hinds did not waive his personal jurisdiction defense because he raised it in his Answer. *See* Answer at 4 (asserting that personal jurisdiction does not exist over Mr. Hinds because "Plaintiff [failed] to attach an expert *opinion* letter authorized by a similar healthcare provider pursuant to Sections 52-190a and 52-184c of the Connecticut General Statutes"); *Cole*, 2013 WL 1759571, at *1–2 (explaining that failure to provide a certificate of good faith in a medical malpractice action does not implicate subject-matter jurisdiction, and instead implicates personal jurisdiction) (citing *Morgan*, 301 Conn. at 401–02 ("[F]ailure to provide a written opinion letter, or the attachment of a written opinion letter that does not comply with § 52-190a, constitutes *insufficient process* and, thus, service of that insufficient process does not subject the defendant to the jurisdiction of the court . . . The jurisdiction that is found lacking, however, is jurisdiction over the *person*, not the subject matter.").

### B. The Expert Opinion Letter and Personal Jurisdiction

Having decided that Mr. Hinds did not waive his lack of personal jurisdiction argument, the Court turns to whether the expert opinion letter filed here gives the Court personal jurisdiction over Middlesex Hospital's claim. The answer is yes.

Mr. Hinds argues that this case must be dismissed for lack of personal jurisdiction because "Section 52-190a must be satisfied prior to the expiration of the statute of limitations," and the original expert opinion letter did not satisfy the requirements of that section. First Mot. Dismiss at 6–7. The Court disagrees.

Consistent with Connecticut law, this Court did and should have granted Middlesex Hospital's motion to amend the Complaint, which included an amended expert opinion letter. ECF No. 36; *see Gonzales v. Langdon*, 161 Conn. App. 497, 518 (2015) (finding "not only does § 52-190a not prohibit amendments, but other statutes, the Practice Book, and our case law support amendment in the absence of such a statutory prohibition" and that "allowing amendments would not undermine the purpose of § 52-190a") (citing *Bennett*, 300 Conn. at 20, 30 (noting that "the free amendment of challenged opinion letters" is a "way to ensure compliance with § 52-190a(a) while protecting nonfrivolous, but procedurally flawed, actions from dismissal")); *see also Peters v. United Cmty. & Family Servs., Inc. et al.*, No. KNL-cv-166026050S, 2018 WL 1631606, at *3 (Conn. Super. Ct. Mar. 5, 2018) (denying motion to dismiss and accepting affidavit supplementing opinion letter, and specifically providing the previously redacted name of the author, and noting that the "affidavit does not substantively alter the opinion letter: no new medical facts or opinions are presented. To reject the affidavit and dismiss this action as to [the plaintiff] would force the plaintiff to proceed under the accidental failure of suit statute, which would be costly to all concerned and waste judicial resources.").

The Amended Complaint and the amended expert opinion letter therefore are the operative documents in the Court's analysis at this stage. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."); *see also* 6 Wright and Miller, Federal Practice and Procedure § 1476 Effect of an Amended Pleading (3d ed.) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent

motion made by an opposing party should be directed at the amended pleading.") (footnotes omitted).

Middlesex Hospital argues that its amended expert opinion letter, "authored by a licensed registered nurse and certified emergency nurse, along with the requisite certificate of good faith, detailing various specific deviations from the applicable nursing standard of care," is a sufficient expert opinion letter to avoid dismissal on personal jurisdiction grounds. Obj. to Second Mot. Dismiss at 8. The Court agrees.

Under Section 52-190a, the plaintiff must provide a letter stating that the plaintiff "has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." Conn. Gen. Stat. § 52-190a. The letter must be attached to the "complaint, initial pleading or apportionment complaint," and it must state that "such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant or for an apportionment complaint against each named apportionment defendant." *Id.* The letter must be a "written and signed opinion of a similar health care provider, as defined in section 52-184c," and must state "that there appears to be evidence of medical negligence and include[] a detailed basis for the formation of such opinion." *Id.* The amended expert opinion letter here satisfies the requirements of Section 52-190a.

### 1. Similar Healthcare Provider Requirement

Section 52-184c(b) establishes the qualifications for a "similar healthcare provider" when "the defendant is neither board certified nor in some way a specialist[.]" *Gonzales*, 161 Conn. App. at 504–05. Under that section, "a 'similar health care provider' is one who: (1) is licensed by the appropriate regulatory agency of [Connecticut] or another state requiring the same or

greater qualifications; and (2) is trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or teaching or medicine within the five-year period before the incident giving rise to the claim." Conn. Gen. Stat. § 52-184c(b).

Section 52-184c(c) "establish[es] those qualifications when the defendant is board certified, 'trained and experienced in a medical specialty, or holds himself out as a specialist' . . . ." *Gonzalez*, 161 Conn. App. at 505–06 (quoting *Bennett*, 300 Conn. at 23). Under this subsection, "a similar health care provider is one who '[i]s trained and experienced in the same specialty; *and* (2) is certified by the appropriate American board in the same specialty.'" *Id.* at 505 (quoting Conn. Gen. Stat. § 52-184c(c) (emphasis added in *Gonzales*)). The Amended Complaint does not allege that Mr. Hinds was a specialist; the expert opinion letter therefore must meet the requirements of Section 52-184c(b), not Section 52-184c(c). *See also Lucisano v. Bisson*, 132 Conn. App. 459, 466 (2011) (requiring expert opinion letter to contain "adequate information that could be used to determine whether the author is a similar health care provider").

Here, Middlesex Hospital's amended opinion letter provides the following qualifications for its author, Joyce Foresman-Capuzzi:

> I am currently a licensed registered nurse and certified emergency nurse. I am a practicing hospital emergency department nurse, and have been practicing full-time in the field of nursing from 2002 to the present date. I have also taught in the field of emergency nursing since 2005 up to the present date. I am familiar with the standard of care existing in the United States during October of 2011 applicable to nurses working within a hospital emergency department.

Am. Compl. at 11. This paragraph sufficiently establishes that the author is a similar health care provider qualified to write an expert opinion letter as a non-specialist. *See* Conn. Gen. Stat. § 184c(b). The author is a licensed registered nurse and a certified emergency nurse, had been

13

practicing actively for five years before 2011, and is familiar with the applicable standard of care. *See id.*; Conn. Gen. Stat. § 52-184c(a) (requiring claimant to establish by "the preponderance of the evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider. The prevailing professional standard of care for a given health care provider shall be that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.").

Mr. Hinds cites a recent decision by the Appellate Court of Connecticut, *Doyle v. Aspen Dental of Southern CT, PC*, 179 Conn. App. 485 (2018), rejecting an expert opinion letter because it was not written by a similar heath care provider. That case however, involved an opinion letter "authored by a general dentist," when the defendant was trained in oral and maxillofacial surgery. *Doyle*, 179 Conn. App. at 493–94. The Court explained that, because the defendant qualified as a specialist under § 52-184c(c), the plaintiff was required to provide a letter from an author board certified in the same specialty. *Id.* The appellate court therefore affirmed the trial court's decision to reject the letter and dismissed for lack of personal jurisdiction. *Id.* at 499 ("In sum, it is undisputed that the defendant is trained and experienced in oral and maxillofacial surgery. It is also undisputed that [the author] is not trained and experienced in, or board certified in, the defendant's specialty of oral and maxillofacial surgery. Because [the author] was not a 'similar health care provider' as defined in § 52-184c(c), the opinion letter attached to the plaintiff's complaint was legally insufficient under § 52-190a(a), requiring dismissal of the case.").

There are several differences between this case and that one: first, Mr. Hinds is not a specialist requiring a letter under § 52-184c(c). *See Gonzalez*, 161 Conn. App. at 504 (regarding

the applicability of Section 52-184c(b) when "the defendant is neither board certified nor in some way a specialist"). Second, the court rejected the opinion letter in *Doyle* because the defendant in that case had higher qualifications—training in oral and maxillofacial surgery—than the author of the opinion letter. *See Doyle*, 179 Conn. App. 493–94. Here, Mr. Hinds has not identified qualifications that he has that this author did not.

For the reasons discussed above, the amended opinion therefore satisfies the requirement under Section 52-190a that a similar healthcare provider under Section 52-184c write an opinion letter.

### 2. Detailed Basis Requirement

An opinion letter satisfies the "detailed basis" requirement of Section 52-190a, if it establishes "that there appears to be evidence of medical negligence by express reference to what the defendant did or failed to do to breach the applicable standard of care." *Wilcox v. Schwartz*, 303 Conn. 630, 643 (2012). A sufficient opinion letter therefore must "state the similar health care provider's opinion as to the applicable standard of care, the fact that the standard of care was breached, and the factual basis of the similar health care provider's conclusion concerning the breach of the standard of care." *Id*.

Here, the amended opinion letter sufficiently satisfies the detailed basis requirement of Section 52-190a. The letter explains that the author, who is familiar with the applicable standard of care, examined the hospital's Emergency Department records on the day of Ms. Hall's death, as well as the relevant Middletown Police Department records and Connecticut Department of Public Health Report. Am. Compl. at 11–12. The author reviewed Ms. Hall's case and found that "there is evidence of negligence by the Middlesex Hospital nursing staff, including in particular, Nurse Hinds," including by failing to meet the required standard of care for potentially suicidal

15

patients. *Id.* at 12.

The letter therefore satisfies the detailed basis requirement of Section 52-190a and, because the letter also satisfies the similar health care provider requirement of that statute, establishes personal jurisdiction over Mr. Hinds.

**IV.     CONCLUSION**

For all of the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 19th day of April, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE